**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 3, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EULA CHRISTINE SWIMMER,

        Plaintiff-Appellant,

v.

KATHLEEN SEBELIUS, Secretary of
Department of Health and Human
Services,

        Defendant-Appellee.

No. 09-7074
(D.C. No. 6:08-CV-00046-SPS)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

---

Plaintiff-appellant Eula Christine Swimmer, a Native-American woman

over the age of forty appearing pro se, appeals the district court's grant of

summary judgment to defendant-appellee in regard to her Title VII and age

discrimination claims.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Swimmer worked as a supervisory medical technologist in the laboratory at Hastings Indian Medical Center. In February 2007, she was reassigned to a non-supervisory laboratory position and her old position was given to a white male under the age of forty. Ms. Swimmer resigned. She filed an initial Equal Employment Opportunity (EEO) complaint against defendant-appellee on June 5, 2007, claiming her demotion was motivated by race, gender, and age discrimination, as well as retaliation for previous discrimination complaints she filed in the 1970's and 1980's. She subsequently tried to amend her complaint to add a claim of constructive discharge, but her request was refused and a new complaint was opened instead. Ms. Swimmer received defendant-appellee's final decision on her first complaint by certified mail on October 10, 2007. She received the Secretary's decision on her second complaint on November 8, 2007. Both decisions noted Ms. Swimmer's right to administrative appeal or, if she chose to forgo administrative appeal, the right to bring a federal civil suit within ninety days. Ms. Swimmer elected not to file administrative appeals and filed her district court complaint on February 6, 2008.

The district court granted summary judgment to defendant-appellee. The court held that Ms. Swimmer's arguments regarding her demotion, which were contained in her first EEO complaint, were time barred because her district court complaint was not filed within 90 days of her October 10, 2007, receipt of the final agency decision on her first EEO complaint. As to the constructive

discharge arguments raised in her second EEO complaint, the court held that defendant-appellee was entitled to summary judgment on those arguments as well. The court held that, even assuming Ms. Swimmer's version of events were true, there was no constructive discharge because returning to work would not have been so intolerable that a reasonable person would have had no choice but to resign.

On appeal, Ms. Swimmer complains that the district court erred in holding that her demotion claims were time barred and that defendant-appellee was entitled to summary judgment on her constructive discharge claims. She directs us to her district court response to the motion to dismiss for her specific arguments.

We have jurisdiction over Ms. Swimmer's appeal under 28 U.S.C. § 1291. "We review a grant of summary judgment de novo, applying the same standard as the district court." *Hennagir v. Utah Dep't of Corr.*, 587 F.3d 1255, 1261 (10th Cir. 2009). "Summary judgment is only appropriate when there are no genuine issues of material fact and the moving party is entitled to summary judgment as a matter of law." *Id.* Consideration of the parties' briefs and the entire record, including Ms. Swimmer's response to the motion to dismiss, reveals that the district court correctly resolved this case.[1]

---

[1]    Generally, we do not consider arguments on appeal that simply direct us to a party's district court filings. *See Bullock v. Carver*, 297 F.3d 1036, 1054
(continued...)

The judgment of the district court is therefore AFFIRMED for the reasons set forth in the court's Opinion and Order Granting Defendant's Motion for Summary Judgment.

Entered for the Court


Neil M. Gorsuch
Circuit Judge

[1](...continued)
(10th Cir. 2002) (recognizing that allowing such a practice would allow parties to circumvent page limitations and needlessly complicate the task of an appellate judge). In this case a brief review of Ms. Swimmer's response is sufficient to show the district court committed no reversible error.